IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLA V. CHAMBERS )
1605 E Street, S.E. )
Washington, DC 20003 )
  )  Case No._____
  )
  Plaintiff, )
  )  JURY DEMANDED
v. )
  )
CHOICE HOTELS INTERNATIONAL, INC. )
10750 Columbia Pike )
Silver Spring, Montgomery County, MD 20901 )
  )
  Defendant. )
  )

## COMPLAINT FOR RACIALLY DISCRIMINATORY DISCHARGE

Plaintiff Carla V. Chambers alleges:

**JURISDICTION AND VENUE**

1. Federal question jurisdiction is conferred on the Court by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) and by 42 U.S.C. § 1981. Plaintiff has satisfied conditions precedent to suit under Title VII, including, in particular, exhaustion of administrative remedies.

2. Venue properly lies in this judicial district in which the unlawful employment practices were committed.

**PARTIES**

3. Plaintiff Carla V. Chambers, an African-American citizen, seeks relief under Title VII and 42 U.S.C. 1981 for an illegal discharge from employment by Defendant Choice Hotels International, Inc. on or about February 4, 2010.

4. Defendant, which is headquartered in Maryland, maintains a facility at Silver Spring, Maryland at which Plaintiff worked during her approximately two and a half years of employment with Defendant.

## COMMON ALLEGATIONS

5. Plaintiff began her employment with Defendant in July, 2007 as a Developer. Plaintiff continued in this position until the time of her discharge from employment by Defendant or or about February 4, 2010.

6. Throughout her employment with Defendant, Plaintiff was qualified for the job she held and Plaintiff received consistently favorable performance reviews along with periodic salary increases and bonuses.

7. On or about January 15, 2010, less than one month before her termination, Plaintiff received an above average written performance evaluation from Defendant for the period January 1, 2009 to December 31, 2009.

8. On or about February 4, 2010, Plaintiff was discharged from employment by Defendant allegedly for errors evidencing a "continued inability to meet standards of performance."

9. Defendant cited a November 2009 error allegedly made by Plaintiff during the period listed in the above referenced performance evaluation. However, the alleged error was not listed in Plaintiff's performance evaluation whatsoever.

10. Persons other than Plaintiff were responsible for the November 2009 alleged error described in paragraph 9 (above) and none of these persons were African American.

11. Other than Plaintiff, no one was discharged from employment by Defendant as a consequence of the alleged error described in paragraph 9 (above).

12. Defendant also cited an alleged error which occurred on February 2, 2010 as a reason for Plaintiff's discharge.

13. Plaintiff was not responsible for the alleged error of February 2, 2010. Instead, the alleged error of February 2, 2010 was caused by Lisa Saunders, a white employee.

14. Defendant terminated Plaintiff's employment, but did not terminate the employment of Lisa Saunders, a white employee, as a consequence of the February 2, 2010 alleged error.

15. On October 4, 2010, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC).

16. Plaintiff's charge of discrimination was also cross-filed with the Montgomery County, Maryland, Office of Human Rights.

17. On November 30, 2010, the EEOC issued Plaintiff a notice of right to sue. Plaintiff has filed suit within 90 days of her receipt of notice.

## COUNT I

### (Racially Discriminatory Discharge in Violation of Title VII)

18. Plaintiff incorporates ¶¶ 1-17.

19. Defendant was at all relevant times Plaintiff's "employer," as defined by Title VII, 42 U.S.C. § 2000e(b).

20. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by Title VII, 42 U.S.C. § 2000e(f).

21. As an African-American person, Plaintiff was a member of a protected class under Title VII during the time of her employment with Defendant and at the time of her termination of employment with Defendant.

22. At the time of her discriminatory discharge, Plaintiff was meeting her Defendant's legitimate expectations and was otherwise qualified for her position as is evident by her written performance evaluations.

23. The reasons given Plaintiff for the adverse employment decision, e.g., "continued inability to meet standards of performance", were without factual basis.

24. Plaintiff's race was a motivating factor in Defendant's discharge of Plaintiff, in violation of 42 U.S.C. § 2000e-2(a)(1).

25. The reasons given Plaintiff for her discharge were a pretext for discrimination.

## COUNT II

### (Racially Discriminatory Discharge in Violation of 42 U.S.C. § 1981)

26. Plaintiff incorporates ¶¶ 1-25.

27. The racially discriminatory conduct alleged in Count I constitutes a violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant; declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, and 42 U.S.C. 1981; and award Plaintiff: appropriate compensatory and punitive damages in amounts to be proven at trial; back pay and front pay; restitution of forfeited employment benefits; other appropriate legal and equitable relief, including, but not limited to: reinstatement; attorney's fees; court costs; expenses; prejudgment interest and post-judgment interest; compensation for any additional tax burden that is incurred by Plaintiff were it not for the discriminatory treatment to which Plaintiff was subjected; and all other relief as justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

*Carla V. Chambers* (signature)

Carla V. Chambers

*Charles F. Holman* (signature)

Charles F. Holman, Maryland Federal Bar No. 27425
611 Park Avenue, Suite 100
Baltimore, MD 21201
(410) 659-7500
chasfholman3@aol.com
Attorney for Plaintiff Carla V. Chambers

Dated: 2/14/2011

## VERIFICATION

I, Carla V. Chambers, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

*Carla V. Chambers* (signature)

Carla V. Chambers

*Matthew K. Roberts* (signature)

Notary Public

Subscribed and sworn to before me this 11 day of February, 2011.

MATTHEW K. ROBERTS
NOTARY PUBLIC
BALTIMORE COUNTY
MARYLAND
MY COMMISSION EXPIRES MAY 3, 2014

5