IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLA V. CHAMBERS                :
                                 :
    v.                           :    Civil Action No. DKC 11-0404
                                 :
CHOICE HOTELS INTERNATIONAL,     :
INC.                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is a motion for leave to amend the complaint filed by Plaintiff Carla V. Chambers. (ECF No. 12). The issues have been fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant Plaintiff's motion to amend.

**I. Background**

The following facts are set forth in the complaint. (ECF No. 1). Plaintiff Carla V. Chambers, an African American woman, was employed by Defendant Choice Hotels International, Inc. as a developer from July 2007 until her discharge on February 4, 2010. (*Id.* ¶ 5). Although Plaintiff received an above average performance evaluation for the period January 1, 2009 to December 31, 2009, on January 15, 2010, Plaintiff was allegedly discharged for errors "evidencing a continued

inability to meet standards of performance." (*Id.* ¶¶ 7, 8). Defendant cites errors made in November 2009 and on February 2, 2010, as reasons for Plaintiff's discharge. (*Id.* ¶¶ 9, 13). Plaintiff alleges that the November 2009 error was not cited in her January 2010 performance evaluation and that persons other than Plaintiff were responsible for the error. (*Id.* ¶¶ 9, 10). Plaintiff also contends that she was not responsible for the February 2, 2010 error. (*Id.* ¶ 13).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 4, 2010, and cross-filed the charge with the Montgomery County, Maryland, Office of Human Rights. (*Id.* ¶¶ 15, 16). After receiving a notice of right to sue by the EEOC on November 30, 2010, Plaintiff filed a complaint in this court on February 14, 2011, alleging racially discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). (*Id.* ¶¶ 17-27).

Plaintiff seeks leave to amend the complaint to add a second defendant, Choice Hotels International Services Corporation, Inc. (ECF No. 12 ¶ 10). Plaintiff's motion is a response to Defendant's assertion that Plaintiff was not employed by Defendant "Choice Hotels International," but "Choice Hotels International Services Corporation, Inc." Plaintiff argues that the court should permit the amendment in order to

prevent Defendant from "escaping liability because of the confusion it has created over its own name." (*Id.*). Defendant opposes the motion. (ECF No. 13).

## II. Standard of Review

Plaintiff has moved to amend the complaint pursuant to Federal Rule of Civil Procedure 15. Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). An amendment is futile if it would fail to withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). "Under modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed." *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 874 (4th Cir. 1947) (internal quotation marks and citation omitted); *see also Montoya v. S.C.C.P. Painting Contractors, Inc.*, 589 F.Supp.2d 569, 573 (D.Md. 2008) (granting motion for leave to amend summons and complaint to correct misnomer). Amendments to correct misnomer may be allowed notwithstanding the running of the statue of limitations in the interim between the commencement of the suit

and the motion for amendment, and the amendment will relate back to the institution of the suit. *A.H. Fischer Lumber Co.*, 162 F.2d at 874; *see also* Fed.R.Civ.P. 15(c)(1)(C) (providing that an amended pleading relates back to the date of the original pleading when the amendment changes the naming of the party against whom the claim is asserted if "the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.").

**III. Analysis**

Plaintiffs' motion is a straightforward request for leave to amend to correct the misnomer in her original complaint. Defendant argues that leave to amend should be denied, however, because Plaintiff's failure to comply with Local Rules 103.6.a and 103.6.c is materially prejudicial to Defendant. Defendant also argues that Plaintiff's motion is made to delay, as Plaintiff knew previously that "Choice Hotels International Services Corporation, Inc." was the correct party. (ECF No. 13).

Local Rule 103.6.a provides that a party seeking to amend a pleading shall include an original copy of the proposed amended pleading with the motion. Further, Local Rule 103.6.c provides

4

that a "party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." As Plaintiff failed to include a copy of the amended complaint and a copy of the amended complaint with the proposed changes indicated, Defendant argues that the instant motion should be denied.

Although Defendant is correct in its assertion that Plaintiff failed to comply with Local Rule 103.6, Defendant was not materially prejudiced by Plaintiff's non-compliance. In her motion to amend the complaint, Plaintiff specified that the amendment to the complaint was to add "Choice Hotels International Services Corporation" as a defendant. Although Plaintiff did not properly attach a blacklined proposed amended complaint to her original motion, the blacklined complaint attached to her reply (ECF. No. 14, Ex. 2), indicates that the only change sought was the addition of a second party as stated by Plaintiff's original motion. (ECF No. 12). Thus, Defendant had sufficient notice of the proposed change. Plaintiff is expected to comply fully with Local Rule 103 in the future.

Further, Defendant's assertion that Plaintiff seeks to cause undue delay is unfounded. The original scheduling order stipulated that the deadline for amendment of the pleadings and

joinder of parties in this action was May 6, 2011. (ECF No. 8). As Plaintiff filed the instant motion on May 6, 2011, she was within the deadline to amend the pleadings set by the scheduling order. Although Defendant alerted Plaintiff that "Choice Hotels International" was not the correct party in March 2011 and Plaintiff waited until May to file the instant motion (ECF No. 13, Exs. 1-3), delay alone, without any prejudice, does not support the denial of leave to amend. *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987).

As Plaintiff's proposed amended complaint is not prejudicial to Defendant, has not been made in bad faith, and is not alleged to be futile, this court will grant Plaintiff's motion to amend. Plaintiff's amended complaint will relate back to the date of her original pleading pursuant to Fed.R.Civ.P. 15(c)(1)(C).

**IV. Conclusion**

For the foregoing reasons, the motion to amend filed by Plaintiff Carla V. Chambers will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge